IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WESTERN SALES TRADING COMPANY, a Guam corporation; ACE FARM, LLC, a Hawaii limited liability company dba ACE QUALITY FARM PRODUCTS, | ) ) ) ) ) ) | CV NO 06-00013 DAE LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GEORGE C. PATTERSON, aka CRAIG PATTERSON; JOHN DOES 1-20, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT
GEORGE PATTERSON'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the motion and the supporting and

opposing memoranda, the Court GRANTS Defendant's Motion for Summary

Judgment.

BACKGROUND

Plaintiff Western Sales Trading Company distributes packaged dried

mango sold under the name 7D Dried Mango.  Plaintiff Ace Farm LLC is the

Hawaii distributer for 7D Dried Mango.  7D Dried Mango is sold in various stores, such as ABC Stores, Longs, Times, Daiei (now known as Don Quijote), EZ Discount Stores and Food Pantry.  Defendant George Patterson ("Defendant" or "Patterson") distributes packaged dried mango sold under the name Hawaii USA Dried Mango.  Hawaii USA Dried Mango is sold only in ABC Stores.

This case stems from Mr. Patterson tasting 7D Dried Mango, getting sick, and informing the department of health, various retailers that sell 7D Dried Mango, and a local television station, that the product made him sick.  Plaintiffs allege that they are competitors with Defendant and that Patterson represented to various persons that Plaintiffs' dried mango was bad as part of a scheme to disparage Plaintiffs' product, ruin their reputation, and gain a market advantage. Plaintiffs assert that besides being a competitor, Patterson engaged in such conduct because one month earlier, in October 2005, Plaintiff Ace Farm had advised ABC Stores and State authorities that Defendant's packaging violated Hawaii State Agricultural regulations since the label did not provide the origin of the mango. This led to Defendant's product being pulled from the shelves and Defendant was forced to place a sticker on each package identifying that the product was from the Philippines.  This ultimately resulted in financial loss to Defendant.  Defendant

claims he reported getting ill from the 7D Dried Mango as a good deed in an effort to prevent others from getting sick from the product.

On December 15, 2005, Plaintiffs filed a complaint alleging the following causes of action:

Count I: Deceptive Trade Practices

Count II: Tortious Interference with Economic Advantage

Count III: Tortious Interference with Contractual Relationship

Count IV: violation of the Lanham Act, 15 U.S.C. § 1125(c)[1]

Count V: Trade Libel/Slander

Count VI: Fraud and Misrepresentation.[2]

On November 20, 2006, Defendant filed a motion for summary judgment, seeking dismissal of the entire complaint.  Plaintiffs filed their opposition on February 8, 2007, and Defendant filed his reply on February 8, 2007.

STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[1]This count is incorrectly numbered in the Complaint as Count V.

[2]This count is incorrectly numbered in the Complaint as Count IV.

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c); see also Porter v. Cal. Dept. of Corrections, 419 F.3d 885, 891 (9th

Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A

main purpose of summary judgment is to dispose of factually unsupported claims

and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element at trial. See id. at

323. A moving party without the ultimate burden of persuasion at trial–usually,

but not always, the defendant–has both the initial burden of production and the

ultimate burden of persuasion on a motion for summary judgment. Nissan Fire &

Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden

initially falls upon the moving party to identify for the court those "portions of the

materials on file that it believes demonstrate the absence of any genuine issue of

material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d

626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the

nonmoving party "must set forth specific facts showing that there is a genuine

issue for trial" and  may not rely on the mere allegations in the pleadings. Porter,

419 F.3d  at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986)).  In setting forth "specific facts," the nonmoving party may not meet its

burden on a summary judgment motion by making general references to evidence

without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885,

889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary

judgment, the court shall have no independent duty to search and consider any part

of the court record not otherwise referenced in the separate concise statements of

the parties.").  "[A]t least some 'significant probative evidence'" must be

produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v.

Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence

that is merely colorable or not significantly probative does not present a genuine

issue of material fact."  Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with

"direct evidence" produced by the party opposing summary judgment, "the judge

must assume the truth of the evidence set forth by the nonmoving party with

respect to that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence

and inferences must be construed in the light most favorable to the nonmoving

party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations

or weigh conflicting evidence at the summary judgment stage.  Id.  However,

inferences may be drawn from underlying facts not in dispute, as well as from

disputed facts that the judge is required to resolve in favor of the nonmoving party.

T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

I.      Counts II, III, IV, and VI

        Plaintiffs admit they do not have evidence to overcome summary

judgment on their claims for tortious interference with economic advantage,

tortious interference with contractual relationship, violation of the Lanham Act and

fraud and misrepresentation.  Accordingly, this Court grants Defendant's motion

for summary judgment with respect to counts II, III, IV, and VI, and dismisses

those claims with prejudice.

II.     Counts I and V

        Count I of the complaint is a claim for Deceptive Trade Practices, in

violation of Hawaii Revised Statutes section 481A-3.  Count V is a claim for Trade

Libel/Slander.  Both of these claims are State law claims.  The only cause of action

over which this court had original jurisdiction was Count IV, which alleged a

violation of the Lanham Act, 15 U.S.C. section 1125(a).  The parties are not

diverse in this case.  As the Lanham Act count has been dismissed, this Court no

longer has original jurisdiction over the matter.  Accordingly, with the dismissal of

the federal law claim, this Court finds that dismissal of the remaining State law

claims without prejudice is proper.  <u>United Mine Workers of Am. v. Gibbs</u>, 383

U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though

not insubstantial in a jurisdictional sense, the state claims should be dismissed as

well."); <u>see</u> <u>also</u> <u>Sevcik v. Unlimited Const. Servs., Inc.</u>, 462 F. Supp. 2d 1140,

1150 (D. Haw. 2006) (dismissing remaining state law claims).

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion

for Summary Judgment.  Counts II, III, IV, and VI are dismissed with prejudice

and Counts I and V are dismissed without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2007.



_____
David Alan Ezra
United States District Judge

<u>Western Sales Trading Company, et al. v. Patterson</u>, CV No. 06-00013 DAE-LEK;
ORDER GRANTING DEFENDANT GEORGE PATTERSON'S MOTION FOR
SUMMARY JUDGMENT